[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of a hearing officer appointed by the defendant commissioner of income maintenance denying the plaintiff medicaid benefits on the basis that his assets exceeded the limit established by law. The plaintiff's appeal is authorized by General CT Page 5378 Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
The following facts are undisputed. The plaintiff suffers from permanent dementia. His son, Gregory Kelley, Jr., was appointed conservator for his father in March, 1992. The plaintiff began receiving medicaid assistance on April 16, 1992, when he entered Mapleview Manor, a long term care facility. In December, 1992, the plaintiff was moved to the Alzheimer's Research Center in Plantsville, where he currently resides. At the time he began receiving medicaid assistance, the plaintiff owned "non-home" property located in New York with a fair market value of $9,500.
After Gregory Kelley, Jr. was appointed conservator, an auction of the New York property was scheduled. Because there were no bidders at the auction, the conservator and his wife decided to bid on the property. The preliminary sale took place on August 18, 1992. The conservator then sought approval of the sale from the New York probate court. The final papers were filed with the New York probate court in December, 1992. As of the time of the department fair hearing, the sale had not yet been approved by the New York probate court. The conservator's attorney estimated that the sale would be approved within three months of the fair hearing.
The law pertinent to this case is the department's Uniform Policy Manual. It provides that in order to become or remain eligible for medicaid assistance, an individual's assets may not exceed $1600. Section 4030.65.D.2 of the manual permits the exclusion of "non-home property" from the calculation of an individual's assets for up to nine months "so long as the individual is making a bona fide effort to sell it."
Subsection b provides as follows:
b. The exclusion period begins with the first month in which all of the following conditions are met:
 (1) the assistance unit is otherwise eligible for assistance; CT Page 5379
 (2) the assistance unit owns the property;
 (3) the property is available to the assistance unit;
 (4) the assistance unit is making a bona fide effort to sell the property.
After the exclusion period has expired, the property must be counted in the individual's assets to determine eligibility for medicaid.
In this case, the department's district office in Middletown determined that the nine month exclusion period for the plaintiff's New York property began on April 15, 1992 and expired on December 31, 1992. The district office held that, effective January 1, 1993, the value of the property had to be applied to the medicaid program's asset limit, and because the value of his property exceeded the $1,600.00 limit, the plaintiff was not eligible for assistance until the property was sold. Accordingly, the district office discontinued the plaintiff's medicaid assistance effective January 1, 1993.
On January 28, 1993, a fair hearing requested by the plaintiff was held before a department hearing officer. On March 30, 1993, the hearing officer rendered his decision upholding the decision of the district office that the plaintiff's New York property was an asset. However, the hearing officer adjusted the date of the commencement of the nine month exclusion period from April 15, 1992 to July 1, 1992, the date that Gregory Kelley, Jr. became the conservator of the New York property and placed it on the market. The hearing officer concluded that the exclusion period ended on March 31, 1993, rendering the plaintiff ineligible for benefits as of April 1, 1993, rather than January 1, 1993.
Subsequent to the filing of this appeal, the New York property was sold, the plaintiff reapplied for medicaid benefits, and his application was approved effective May 1, 1993. The only period for which the CT Page 5380 plaintiff was found to be ineligible for benefits, therefore, is the month of April 1993. It is only that month that is in contention in this case.
The plaintiff advances essentially two arguments as the bases of his appeal: (1) that the hearing officer commenced the exclusion period prematurely because the property was not "available" to the plaintiff within the meaning of the policy manual and (2) that the hearing officer's decision conflicts with the federal medicaid statute.
The basis of the plaintiff's claim that the property was not "available" on July 1, 1992, is that his affairs were then being managed by a conservator appointed by the probate court and the sale of the property was subject to approval of that court. Section 4015.05.C of the policy manual provides in relevant part that "[a]ssets considered inaccessible to the assistance unit include . . . property in probate."
The plaintiff cites no authority for his contention that the property was not "available" because its sale was subject to probate court approval. Indeed, our Supreme Court has held to the contrary in a case analogous to the present case. Langs v. Harder, 165 Conn. 490
(1973) (funds held by the guardian of a minor, subject to control of the probate court, determined to be an "available resource" to the minor).
"[I]t is a well established practice of [the] court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." (Citations omitted; internal quotation marks omitted.)Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commissionon Hospitals and Health Care, 200 Conn. 489, 497 (1986). It is undisputed that the department of income maintenance was responsible for enforcing the regulations in question. This court is required, therefore, to accord great deference to the interpretation of those regulations given by the department. This does not mean that the court must abdicate its adjudicative function in CT Page 5381 interpreting the law, but it does mean that where there are two different but equally plausible interpretations of a regulation, the court must give due deference to that followed by the department. See Starr v. Commissionerof Environmental Protection, supra, 376.
In the present case, the hearing officer applied the provisions of § 4030.65 of the policy manual to the undisputed facts in the record and concluded that the property was "available" within the meaning of that regulation. The plaintiff did not raise the issue of probate court approval as a condition of availability at the fair hearing, but implicit in the fair hearing officer's decision is the conclusion that the requirement did not affect availability as that concept is used in the regulations. In view of all the circumstances, this court cannot say that the hearing officer's application of the regulations in this case was unreasonable. This is not a case where property is held in an estate, awaiting an order of a probate court for distribution to a new owner. The case is more analogous to the circumstances in Langs v. Harder, supra, where the role of the probate court is simply to oversee the management of the property for an owner who lacks competence to manage it for himself. It was not unreasonable for the hearing officer to conclude that such court supervision did not restrict the property's "availability" to the owner. The plaintiff's argument with respect to § 4015.05 of the regulations cannot be sustained.
The plaintiff has also not met his burden of showing that the hearing officer's interpretation conflicted with the federal medicaid statute. The plaintiff cites several cases that he claims hold that "real property that cannot be sold is not `available'" within the meaning of the federal medicaid statute. However, the non-home property at issue here is not "property that cannot be sold." The plaintiff's property was sold during the nine month period; the conservator was merely awaiting approval of the sale at the time of the fair hearing. Thus, the hearing officer's decision that the property was available to the plaintiff was not unreasonable under the rationale of the cases cited by the plaintiff. CT Page 5382
In summary, the court finds that the hearing officer's decision in this case reflected a reasonable interpretation of the department's regulations. The decision must, therefore, be affirmed.
The appeal is dismissed.
MALONEY, J.